USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/26/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BBK TOBACCO & FOODS, LLP,

Plaintiff,

-against-

GALAXY VI CORP.,

Defendant.

17-CV-4079 (BCM)

**ORDER STRIKING FORCINA
DECLARATION**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed the papers filed by defendant Galaxy VI Corp. (Galaxy) in opposition to plaintiff's motion for summary judgment as to damages. Defendant's papers include the Affidavit of Said Ghnaim, the owner and manager of the defendant business (Ghnaim Aff.) (Dkt. No. 150, at ECF pages 6-15), and the Declaration and Opposition of Elio Forcina, defendant's attorney (Forcina Decl.) (*id*. at ECF pages 1-5). Defendant failed to file any memorandum of law, in violation of Local Civil Rule 7.1, and likewise failed to file any response to plaintiff's Rule 56.1 Statement of Undisputed Material Facts (Dkt. No. 147), in violation of Local Civil Rule 56.1(b).

The Ghnaim Affidavit is largely duplicative of the affidavit executed by the same witness in opposition to plaintiff's earlier summary judgment motion as to liability (Dkt. No. 140-1); consequently, portions of it appear irrelevant to any issue still in dispute. *See*, *e.g.*, Ghnaim Aff. ¶ 12 ("I deny all of the Plaintiffs claims that a private investigator . . . came into my store on March 2, 2017 and bought 1 pack of suspect paper and 1 rolling tray from my store.").[1]

---

[1] In *BBK Tobacco & Foods, LLP v. Galaxy VI Corp.*, 2019 WL 4747985 (S.D.N.Y. Sept. 30, 2019), the Court granted summary judgment as to liability on plaintiff's Lanham Act claims based on (among other things) the undisputed material fact that plaintiff's investigator purchased one package of counterfeit rolling papers and one counterfeit rolling tray from defendant's store on March 2, 2017. *See id*. at *4, *10-11.

However, the affidavit appears to be made on personal knowledge, and therefore will be considered in opposition to plaintiff's pending motion, at least to the extent that it complies with Fed. R. Civ. P. 56(c)(4). *See Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 453 (S.D.N.Y. 2005).

The Forcina Declaration is a different matter. Much like the declaration previously submitted by the same attorney in opposition to plaintiff's earlier motion (Dkt. No. 140), it "is a 'declaration' only in form." *BBK Tobacco & Foods*, 2019 WL 4747985, at *2 n.3. Although arranged in 12 numbered paragraphs, the newly-filed Forcina Declaration is not made under penalty of perjury and is "manifestly not made on counsel's personal knowledge (and does not purport to be)." *Id*. Nor, for that matter, does it contain any citations to the evidentiary record, any references to cases, statutes, or other legal authority, or any other recognizable legal argument. Rather, counsel spends most of those 12 paragraphs insulting plaintiff's damages demand (calling it "outrageous" and "absurd," Forcina Decl. ¶¶ 2, 11, 12), plaintiff's summary judgment motion ("absurd and ridiculous," *id.* ¶ 3), the moral character of plaintiff's counsel (who "should be ashamed of themselves" for "using the power of a big firm to try and cripple a small business," *id*.), plaintiff's underlying lawsuit ("a disgraceful attack by a law firm trying to get big fees out of a big corporation and using the powers of the law firm to torture a young man," *id*. ¶ 4), plaintiff's litigation tactics during discovery ("vicious," *id*. ¶ 5), plaintiff's investigator ("a hired-gun by Plaintiff and Plaintiff's law firm to set up small businesses," *id*.), plaintiff's deterrence argument ("absurd," *id*. ¶ 8), and plaintiff's description of defendant's discovery responses ("[a]n outright deception," *id*. ¶ 9). In addition, attorney Forcina opines as to the reasons for the moral deficiencies of plaintiff's counsel (she "lives in a big-law-firm, big corporate-fantasy-island that is out of touch of the reality of small business in America," *id*. ¶ 3),

speculates as to plaintiff's litigation goals (to "extort big money out of a young man with no revenues," *id*. ¶ 10), and proclaims that "[t]his lawsuit is the reason why most of America hates lawyers." *Id*. ¶ 4.[2]

Since the Forcina Declaration functions neither as a declaration nor as a brief – hurling invective rather than marshalling relevant facts or presenting salient legal analysis – and since its content is antithetical to the goals of civility and professionalism that are expected of members of the Bar of this Court, Dkt. No. 150 is hereby STRICKEN pursuant to Fed. R. Civ. P. 12(f). *Cf. BBK Tobacco & Foods*, 2019 WL 4747985, at *2 n.3 (considering counsel's previously submitted declaration, which included "a handful of citations to case law," but only "to the extent it articulates a legal argument"). Because defendant's counsel mistakenly filed his own declaration and the Ghnaim Affidavit as a single legal document (*cf.* SDNY Electronic Case Filing Rules & Instructions, § 15.5), counsel must now refile the Ghnaim Affidavit if defendant wishes it to be considered in opposition to the pending summary judgment motion.

Dated: New York, New York
      November 26, 2019

SO ORDERED.

**BARBARA MOSES**
**United States Magistrate Judge**

---

[2] Recent polling suggests that lawyers are not, in fact, hated by "most of America." According to a Gallup poll conducted in December 2018, only 28% of the Americans surveyed rated lawyers "low" or "very low" for honesty and ethical standards. Business executives (32%), car salespeople (34%), advertising professionals (37%), telemarketers (56%) and members of Congress (58%) all scored significantly worse. *See Honesty/Ethics in Professions*, Gallup, https://news.gallup.com/poll/1654/honesty-ethics-professions.aspx (last visited Nov. 26, 2019).