USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/01/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BBK TOBACCO & FOODS, LLP, D.B.A. HBI INTERNATIONAL,<br>           Plaintiff,<br>v.<br><br>7TH ST VILLAGE FARM INC.; EAST VILLAGE FARM & GROCERY, INC.; VILLAGE CONVENIENCE; 2ND AVENUE CONVENIENCE STORE INC.; GALAXY WHOLESALE; CHOLULA II DELI & GROCERY INC.; WINDHORSE GAS STATION, INC.; ESSA DELI GROCERY CORP; ALPHABET CITY INC. I; NILU U. PATEL; PATEL, NILU U.; JOHN DOES 1-10; AND XYZ COMPANIES 1-10,<br>           Defendants. | Civil Action No. 17-cv-04079<br><br>**Judge Gregory Woods**<br>**Judge Barbara Moses** |

## JUDGMENT AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND RELATED RELIEF

This matter having come before the Court on Plaintiff BBK Tobacco & Foods, LLP, d.b.a. HBI International's ("HBI") Motion for Default Judgment and Related Relief, under Federal Rules of Civil Procedure 55 and 65; and this Court having reviewed the papers and proceedings in support of that Motion, including HBI's Brief and the Declaration of Marcella Ballard (with Exhibits); and this Court being fully satisfied that the "Non-Responding Defendants" (defined as 2nd Avenue Convenience Store Inc.; Cholula II Deli & Grocery Inc.; Nilu U. Patel; and Patel, Nilu U.) were properly served with summonses, the Complaint [DKT. 1], the First Amended Complaint [DKT. 27], and all other pertinent papers and proceedings in this action, and failed to respond as required under Federal Rule of Civil Procedure 12; and good cause being shown therefor;

IT IS HEREBY ORDERED that:

1. HBI's Motion for Default Judgment and Related Relief is **GRANTED**;

2. Under Federal Rule of Civil Procedure 55(b)(2), default judgment is hereby entered against each Non-Responding Defendant for each and all of the Counts alleged in HBI's operative pleading (the First Amended Complaint), namely:

    a. Trademark Infringement, in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114);

    b. Trademark infringement, false designation of origin, and unfair competition, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

    c. Deceptive acts and practices, in violation of New York General Business Law § 349; and

    d. Unfair competition, in violation of New York common law.

3. The foregoing violations of HBI's rights, and federal and state law, were willful;

4. Under the Lanham Act, 15 U.S.C. § 1117(c), HBI is entitled to statutory damages of $2,500 per infringed trademark, trebled because of the Non-Responding Defendants' willful infringement, for a total damages award of $7,500 against each Non-Responding Defendant; and

5. Under Federal Rule of Civil Procedure 65, each Non-Responding Defendant, and its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are hereby permanently enjoined and restrained from, directly or indirectly, anywhere in the world:

    a. Manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise

        distributing or disposing of, in any manner, any counterfeit or infringing RAW-brand products, including but not limited to RAW® King Size Slim Rolling Papers ("RAW® KSS") or RAW® rolling trays, or any rolling papers, rolling trays, or other smoking products or accessories bearing:

      i. Infringing or counterfeit versions of the RAW® Trademarks[1] or the RAW® Trade Dresses[2], which devices appear alone or in combination on authentic packs and boxes or RAW® KSS, other RAW® rolling papers, and RAW® rolling trays distributed by HBI in the United States; or

      ii. The false statement that such products are distributed by HBI or otherwise under HBI's control or supervision, or are "Mae in Alcoy, Spain," when they are not;

   b. Manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise

---

[1] Defined as the marks of U.S. Registration Nos. 2,989,221 (RAW); 4,412,202 (RAW); 4,325,822 (RAW ARTESANO); 4,647,824 (RAW ORGANIC HEMP AUTHENTIC PUREST NATURAL HEMP FIBERS UNREFINED RAY NATURAL UNREFINED HEMP ROLLING PAPERS).

[2] Defined as the distinctive design elements comprising the overall look and feel of the Registered RAW® Trade Dress (comprising U.S. Registration Nos. 3,422,929, and 4,647,824), and the RAW® KSS Trade Dress, Classic and Organic versions (characterized with design elements such as the (a) use of the colors red, brown; (b) one or more of the RAW® Trademarks; (c) the term "RAW," depicted in large, red, stylized font, set at an angle in the center of the packaging design and having a piece of twine wrapped about the same; (d) to the right of the term "RAW," the term "KING SIZE SLIM," directly below a crown design, depicted in brown font/coloring; (e) to the left of the term "RAW," a brown circular element with a tan center, containing the terms "AUTHENTIC" and "UNREFINED" in tan font within the brown outer ring, and either the term "PUREST NATURAL FIBERS" (on the Classic variety) or the term "PUREST NATURAL HEMP FIBERS" (on the Organic variety) in brown font within the ring's center; (f) above the term "RAW," either the term "CLASSIC" or "ORGANIC HEMP" inside a brown rectangle that exposes the underlying tan color for the letters; (g) below the term "RAW," the term "NATURAL UNREFINED ROLLING PAPERS" (on the Classic variety) or the term "NATURAL UNREFINED HEMP ROLLING PAPERS" (on the Organic variety) in brown font; (h) overlaying the aforementioned design elements, a raster image of twine in brown and tan coloring, crossing the packaging vertically and horizontally, with a knot in the center of the packaging design; and (i) inside the packs: (i) the trademark/slogan "THE NATURAL WAY TO ROLL"; (ii) the hashtag "#RAWLIFE"; (iii) the website address WWW.RAWTHENTIC.COM; and (iv) the wording "NATURAL GUM PLEASE MOISTEN GENTLY" in light tan font, set at an angle within a darker tan banner).

    distributing or disposing of, in any manner, any purported HBI or RAW-brand products that are not actually produced, imported, or distributed under HBI's control or supervision, or approved for sale in the United States by HBI in connection with the RAW® Trademarks or RAW® Trade Dresses;

c. Committing acts calculated to cause purchasers to believe that counterfeit or infringing RAW-brand products, including counterfeit RAW® KSS or RAW® rolling trays, originate with HBI when they do not;

d. In any way infringing or damaging the RAW® Trademarks and associated common law rights, or the RAW® Trade Dresses, or the value or goodwill associated therewith;

e. Attempting, causing, or assisting in any of the above-described acts, including but not limited to, enabling others in the above-described acts or passing on information to allow them to do so;

f. Destroying, altering, deleting, or otherwise disposing of any documents, records, or electronically stored information concerning the manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or other distribution or disposal of any product that has been, or is intended to be, sold in packaging containing, displaying, or bearing the RAW® Trademarks or the RAW® Trade Dresses; and

      g. Forming or causing to be formed any corporation or other entity that engages in the above-described acts.

The Clerk of Court is directed to enter judgment for Plaintiff and to close this case.

SO ORDERED.

Dated: October 1, 2020　　　　　　　　　　_____
New York, New York　　　　　　　　　　　　GREGORY H. WOODS
　　　　　　　　　　　　　　　　　　　　　United States District Judge